UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS M. WILLETT,

        Plaintiff,

v.                                                                         Case No. 05-72296
                                                                           Honorable Patrick J. Duggan

MORRICE POST OFFICE,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 16, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff initiated this *pro se* lawsuit in small claims court in the 66th Judicial

District in Corunna, Michigan, claiming that Defendant "[f]ail[ed] to settle an insurance

claim on an insured dam[a]ged package. (Insurance purchased in N.J. by shipper.)"  On

June 9, 2005, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1339

and 1446.  Presently before the Court is Defendant's motion to dismiss pursuant to Rules

12(b)(1) and (6) of the Federal Rules of Civil Procedure.  Defendant claims Plaintiff's

lawsuit should be dismissed for lack of subject matter jurisdiction and failure to state a

claim upon which relief can be granted.

According to Defendant, it served Plaintiff with a copy of the pending motion via

regular mail on June 30, 2005.  This Court sent a notice to the parties on the same date,

indicating that the motion to dismiss had been filed and reminding them of the provisions

of Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a

dispositive motion must be filed within 21 days after service of the motion. Nevertheless,

Plaintiff has not responded to the motion.  On August 8, 2005, this Court sent an

additional notice to the parties informing them that the Court was dispensing with oral

argument with respect to Defendant's motion to dismiss, pursuant to Local Rule 7.1(e)(2).

### Applicable Standard

A plaintiff has the burden of proving jurisdiction when the defendant challenges

the court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil

Procedure.  *Michigan S. R.R. Co. v. Branch & St. Joseph*, 287 F.3d 568, 573 (6th Cir.

2002).  "In reviewing a 12(b)(1) motion, the court may consider evidence outside the

pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to

supplement the record by affidavits."  *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677

(6th Cir. 2003)(citing *Rogers v. Stratton Indus.*, 798 F.2d 913, 916 (6th Cir. 1986)).  The

court, however, must accept the allegations in the complaint as true.  *Id.* (citing *Jones v.

City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

### Factual Background

In May 2005, Plaintiff brought a damaged package to the United States Post Office

in Morrice, Michigan, and asked a postal clerk what the post office was going to do about

it.  *See* Def.'s Mot. Ex. 2 ¶ 3.  Kathryn Lienemann, the postal clerk who assisted Plaintiff,

asked if the package was insured.  *See id.*  Plaintiff indicated that he thought he had checked insurance when he ordered the items in the package.  *See id.*  Ms. Lienemann did not see any markings on the package indicating that it was insured; although based on the weight of the package and the amount of postage paid, she believed insurance for $50.00 or less had been purchased.  *See id.* ¶¶ 4-5.  She therefore advised Plaintiff to call the mailer and have the mailer send him the insurance receipt or file a claim.  *See id.* ¶ 6.

The next morning, Plaintiff returned to the post office with copies of an insurance claim (a "PS3813") and a postal receipt ("POS") reflecting whether, and how much, insurance was purchased when the package was mailed.  *See id.* ¶ 7.  Ms. Lienemann, who again assisted Plaintiff, advised him that the post office needed the original receipt. *See id.*  Plaintiff became upset, threatened to sue, and left the post office.  *See id* ¶ 8. Plaintiff then filed his complaint in small claims court.

After receiving a copy of his small claims complaint, a paralegal specialist for the Postal Service attempted to contact Plaintiff on May 25, 2005, in order to resolve his claim.  *See* Def.'s Mot. Ex. 3 ¶ 7.  The paralegal specialist, Gracia E. Carter, left a voice mail message for Plaintiff, telling him that he should go to the Morrice Post Office with the copy of the postal receipt and fill out the forms necessary to process his claim.  *See id.* Later that day, Ms. Carter received a voice mail message from Plaintiff, stating that he would have to take a half day off from work to go to the Morrice Post Office and he would rather take a half day off from work to go to court.  *See id.* ¶ 8.

## Applicable Law and Analysis

Although Plaintiff names the Morrice Post Office as the defendant in this action, the United States Postal Service in fact is the proper defendant and an action against the Postal Service is an action against the United States. *Djordjevic v. Postmaster Gen.*, 911 F. Supp. 72, 74 (E.D.N.Y. 1995)(citing *Anderson v. United States*, 761 F.2d 527, 528 (9th Cir. 1985)). "It is well settled that the United States, as sovereign, is 'immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id*. (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 2701 (1981)); *see also Esseily v. United States Postal Service*, No. 03-71231, 2003 WL 21817984, at *1 (E.D. Mich. 2003)(unpublished op.)(citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 123 S. Ct. 1126, 1131-32 (2003)). The waiver of sovereign immunity must be "unequivocally expressed." *Esseily*, 2003 WL 218179894, at *1.

To the extent Plaintiff's claim alleges negligence by Defendant, this Court lacks subject matter jurisdiction. The Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, grants a waiver of sovereign immunity against many torts. However under 28 U.S.C. § 2680(b), the United States does not waive its sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b); *see also Anderson*, 761 F.2d at 528 (dismissing tort claim against Postal Service for loss of package during robbery of postal carrier); *Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756, 758 (5th Cir. 1982)(per curiam)(dismissing claim alleging negligent handling of mail after bag of currency sent

4

by registered mail was lost); *Djordjevic*, 911 F. Supp. at 75 (dismissing action for loss of

package sent by Express Mail); *Rowser v. United States Postal Service*, No. 95-1699,

1996 WL 143463, *1 (6th Cir. March 28, 1996)(unpublished op.)(dismissing complaint

alleging that Postal Service misdelivered the plaintiff's mail); *Esseily*, 2003 WL

217179894, at *1 (dismissing action for damages due to misdelivery of certified mail).

If Plaintiff is alleging that Defendant breached a contract to provide insurance

coverage, Plaintiff's claim is not barred by sovereign immunity.  The Postal

Reorganization Act, 39 U.S.C. § 101 et seq., empowers the Postal Service "to sue and be

sued in its official name."  39 U.S.C. § 401(1).  However, Plaintiff must exhaust his

administrative remedies, as set forth in the postal laws and regulations, prior to

commencing an action against the Postal Service.  *Djordjevic*, 911 F. Supp. at 75 (citing

*McCarthy v. Madigan*, 503 U.S. 140, 144-45, 112 S. Ct. 1081, 1086-87 (1993)); *see also*

*Simat U.S.A. v. United States Postal Service*, 218 F. Supp. 2d 365, 367-68 (S.D.N.Y.

2002)(dismissing the plaintiff's breach of contract claim alleging Postal Service's failure

to deliver packaged based on the plaintiff's failure to exhaust administrative remedies);

*Breaux v. United States Postal Service*, 46 F. Supp. 2d 641, 643 (E.D. Tex.

1999)(dismissing Postal Service patron's breach of contract action alleging failure to

timely deliver express mailings or to provide refund due to patron's failure to first exhaust

administrative remedies).

The Domestic Mail Manual sets forth the procedures a United States Postal

Service customer must follow to seek damages for lost or damaged mail.  *See* Def.'s Mot.

Ex. 4.  Plaintiff's complaint does not allege that he followed and exhausted these

procedures.  As Ms. Carter states, Plaintiff indicated that he would rather take time off

from work to go to court than to go to the Morrice Post Office to file his claim for

damaged mail pursuant to the Postal Service's administrative procedures.  The Court

therefore concludes that Plaintiff has failed to exhaust his administrative remedies and his

lawsuit therefore must be dismissed.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Dismiss is **GRANTED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE


Copies to:
AUSA William L. Woodard

Dennis M. Willett
10216 South State Rd.
Morrice, MI 48857